[No. 3112.]

SANTIAGO SALTILLO *v*. THE STATE.

1. THEFT – EVIDENCE—CASE STATED.—In a prosecution for the theft of a mare, the defendant proposed to prove by a witness that at the time he, the defendant, returned on the morning that he went out to hunt his two horses, and after he returned to the K. ranch, he stated to the witness that he, defendant, had failed to find but one of his horses; that some person had taken his other horse, and that he found the mare in question with his horse that was not taken; that he intended to take the said mare to Uvalde and see if he could find her owner; that he supposed the person who took his missing horse left the mare with his other horse; that if he could find the mare's owner in Uvalde county he would deliver up the animal, and that he, the defendant, did not claim the mare. *Held*, that while not technically *res gestæ*, the proposed evidence was competent, not only to show the character of defendant's possession, but the defendant's intent in connection with his possession; wherefore the court erred in excluding the proposed evidence.

2. SAME—DRIVING STOCK FROM ACCUSTOMED RANGE—FACT CASE.—See evidence *held* insufficient to support a conviction either for theft of a horse, or for driving it from its accustomed range.

3. SAME.—NEW TRIAL should be awarded by the trial court when the evidence is clearly insufficient to support a conviction.

APPEAL from the District Court of Uvalde. Tried below before the Hon. T. M. Paschal.

The indictment charged the appellant with the theft of a horse, the property of W. M. Reynolds, in Uvalde county, Texas, on the fourteenth day of December, 1883. The conviction was for driving the animal from its accustomed range, with intent to de-

fraud the owner. The punishment awarded by the jury was a term of two years in the penitentiary.

W. M. Reynolds was the first witness for the State. He testified that he knew and had known the defendant for a short time. Defendant lived in that part of the town of Uvalde known as Mexico. Some time in the month of January, 1884, the witness hoppled and turned a certain mare out on his range, which extended from the town of Uvalde to Salt creek, a distance of about seven miles. On the morning following the evening on which the mare was turned out, the witness's son Lonnie, as usual, went out to drive her up. Failing to find her, after a search which was kept up until the morning of the third day after her disappearance, Lonnie returned home.

Acting on certain information he had received, the witness went to, and found his mare at, the defendant's house. He asked defendant what he was doing with the mare. Defendant replied that, two or three evenings before, he had hoppled his two horses out on the range near Knox's ranch, seven miles northeast from Uvalde; that when he went to hunt them next day, he found but one of his horses, and the witness's mare with him; that he concluded some one had taken his other horse and left the mare; that he wanted to take the mare to Uvalde and find and deliver her to her owner if he could. He did not claim the mare, but delivered her to the witness on demand. The mare had been hard ridden, and was considerably used up. Defendant had no consent from the witness to take the mare. The mare was under witness's control.

Lonnie Reynolds testified, for the defense, that he was the son of W. M. Reynolds, the State's witness. He owned the mare in question. He turned her out on her range one evening, between Uvalde and Salt creek, and failed to find her as usual next day, but, within two or three days, found her at defendant's house, in that part of Uvalde known as Mexico. Defendant made to witness the same statement concerning his possession of the mare, and his intention with regard to her, as he subsequently made to W. M. Reynolds, as set forth in the latter's testimony. Defendant refused to deliver the mare to witness, who then went for his father, W. M. Reynolds, to whom defendant delivered her.

Lanatho Calsado testified, for the defense, that the defendant worked on Knox's ranch, in Uvalde county, but that his family lived in the town of Uvalde. At the time that he was employed

on the Knox ranch, the defendant owned two horses, one a bay with white face, and one a sorrel. One evening in January, 1884, in the presence of the witness, the defendant hoppled his two horses out near Knox's ranch. On the next morning, the defendant went out to hunt his two horses, and returned with but one of them and a black mare. At this point, the testimony referred to in the first head note of this report was offered, and excluded. The defendant had never recovered one of the horses he hoppled out at Knox's ranch. At least, the witness had never seen that horse since he was turned out.

W. M. Reynolds testified, for the State, on being recalled, that he was the father and natural guardian of Lonnie Reynolds, who was but fifteen years old. He had control of both Lonnie Reynolds and the mare. The mare was both belled and hoppled when she was turned out. She had on neither bell nor hopples when recovered.

The motion for new trial alleged error in the charge of the court and in the action of the court refusing charges asked, and denounced the verdict as too general, uncertain, and as unsupported by the evidence.

*G. W. Powell,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. As shown by defendant's third bill of exceptions, he proposed to prove by the witness Calsado "that, at the time said defendant returned on the morning that he went out to hunt his two horses, and after he, defendant, returned to the Knox ranch, that he stated to the witness that he had failed to find but one of his horses; that some person had taken the other horse of his, and that he found the mare in question with his other horse, and that he intended to take said mare to Uvalde and see if he could find an owner for her, as he supposed the person who took his horse which was taken left this mare with his, defendant's, horse which was not taken. That defendant further stated that if he could find an owner for said mare in Uvalde county, he would deliver said mare to such owner. That defendant did not claim to own said mare."

This proposed evidence was objected to by the counsel for the State, because it was irrelevant, and the objection was sustained by the court. In this ruling the court erred; the evidence was not irrelevant, but was pertinent to show not only the character

of defendant's possession, but also his intent with regard to the possession. While perhaps not technically *res gestæ,* yet, when considered in the light of the evidence which was adduced on the trial, these delarations do not appear to be self-serving and inadmissible.

We are further of opinion that the evidence is insufficient to support a conviction for either theft or driving the animal from its accustomed range with intent to defraud the owner; of which latter offense defendant was convicted. There is no proof that defendant ever drove the animal from its accustomed range. When found by Lonnie Reynolds, the owner, in possession of the mare, it was in the town of Uvalde, in or near her range, where the owner had hobbled her out; and defendant stated to said witness that "he had brought the mare to Uvalde to find an owner for her, and in case he found an owner for said mare he would give her up."

In view of the insufficiency of the evidence, the court also erred in overruling defendant's motion for new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 17, 1884.